UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-58 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Dijana Rahic, | |
| Defendant. | |

---

Allison Kim Ethen, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Shannon R. Elkins, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 26);

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 27);

3. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 28); and

4. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 29).

These motions were scheduled to be heard by the undersigned on July 22, 2021. (*See* ECF No. 25.)  The parties subsequently agreed that the hearing be canceled, and the motions be decided on the papers.  (ECF No. 33 at 2.)  The hearing was stricken, and the

motions were taken under advisement.  (ECF No. 35.)  Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests the Court order the Government to disclose immediately all "bad act" or "similar course of conduct" evidence it intends to introduce at trial pursuant to Rule 404 of the Federal Rules of Evidence.  (ECF No. 26 at 1.)  Defendant notes, "Rule 404(b) requires 'reasonable notice' upon request of the defendant." (*Id.*)  The Government acknowledges its obligations under Rule 404(b) and states it "intends to fully comply with such disclosures."  (Gov't's Consol. Resp. to Def.'s Pretrial Mots. ("Gov't's Resp.") at 1, ECF No. 34.)  It recommends that the Court order these disclosures be made no later than 14 days before trial.  (*Id.*)

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

2

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the Government's proposal, no later than 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

2. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 27) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of evidence favorable to her under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. (ECF No. 27 at 1.) Defendant specifically asks the Court to order the Government to "review the files of all agencies involved in the case to determine whether any additional exculpatory material exists," that it disclose any such material, and "further direct all law enforcement agencies involved in any way with this case and its underlying investigation

3

[to] disclose all exculpatory materials." (*Id.*) Defendant also requests that the Government's disclosures include: statements of any indicted or unindicted witnesses which either exculpate Defendant or contradict the statement of other witnesses; reports of interviews relating to any such statements; prior convictions of prospective Government witnesses; any offers or promises made to prospective Government witnesses; and identification information related to Defendant. (*Id.* at 2.)

The Government responds that it is aware of and will continue to comply with its discovery obligations under *Brady*, *Giglio*, and their progeny. (Gov't's Resp. at 2.)

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87). Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing

4

*United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion and request for information, including statements regarding indicted and unindicted witnesses interviewed, is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While the Court is not ordering the Government to disclose Jencks Act materials early, *see* 18 U.S.C. § 3500(b); *United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998), the Court encourages the parties to disclose such materials no later than 14 days before trial. *See infra* ¶ 4.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, such request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

3. Defendant's Pretrial Motion for Discovery and Inspection (ECF No. 28) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. (*See generally* ECF No. 28.) This includes expert witness disclosures. (*Id.* at Section A(5) (citing Fed. R. Evid. 702, 703, & 705).) Defendant further requests that, in the event the Government subsequently discovers additional materials previously requested or ordered to be produced, that her counsel be notified. (*Id.* at 2.) The Government responds that it has no objection to providing Rule 16 discovery to Defendant, that it has made prior disclosures, and that if it becomes aware of additional items subject to disclosure under the rule "it will continue to fully comply with its discovery obligations." (Gov't's Resp. at 2-3.)

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent her discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material

6

subject to disclosure under Rule 16(a)(1)(A) through (F) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A) through (F) or that have already been produced, her motion is denied.

Finally, given that neither party has proposed deadlines for the disclosure of the Government's expert witnesses, the Court orders that no later than 21 days prior to trial, the Government shall make its principal expert disclosures, and, no later than 7 days prior to trial, the Government shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G).

4. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 29) is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks prior to the testimony of each Government witness. (ECF No. 29 at 2.) The Government will agree to provide "any further" Jencks Act material no later than 14 days before trial "provided that Defendant provides reciprocal Jencks Act disclosures at the same time." (Gov't's Resp. at 3.)

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

7

*Green*, 151 F.3d at 1115; *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than 14 days before trial through reciprocal disclosures as proposed by the Government. (*See* Gov't's Resp. at 3.)

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: August __9__, 2021                         *s/Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota

                                                 *United States v. Rahic*
                                                 Case No. 21-cr-58 (NEB/TNL)